**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4280**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER RUSH,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:17-cr-00123-1)

Submitted:  October 18, 2018                      Decided:  October 22, 2018

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian D. Yost, HOLROYD & YOST, Charleston, West Virginia, for Appellant.  Timothy Doyle Boggess, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Rush pled guilty, pursuant to a plea agreement, to distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court sentenced Rush to 72 months' imprisonment, below his advisory Sentencing Guidelines range. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the court complied with Fed. R. Crim. P. 11 in accepting Rush's plea and whether Rush's sentence is reasonable. In his pro se supplemental brief, Rush argues that his sentence is too harsh because he was selling drugs to support his addiction and challenges the factual basis for his plea and the propriety of the court's rulings on his pretrial motions. We affirm.

Because Rush did not move in the district court to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). Prior to accepting a plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charges to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the court must ensure that the defendant's plea was supported by an independent factual basis, was voluntary, and did not result from force, threats, or promises of a lenient sentence. Fed. R. Crim. P. 11(b)(2)-(3).

After reviewing the guilty plea transcript, we conclude that the district court conducted a thorough Rule 11 colloquy, during which Rush agreed that his sale of heroin

2

to a confidential informant satisfies the elements of the crime. Accordingly, we find no merit to Rush's challenge to the validity of his guilty plea, including the factual basis for the plea. Moreover, because a valid guilty plea waives all prior, nonjurisdictional defects in a criminal proceeding, we conclude that Rush has waived his right to challenge the propriety of the court's rulings on his pretrial motions. *See Class v. United States*, 138 S. Ct. 798, 805 (2018) (reaffirming that "[a] valid guilty plea . . . renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered").

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can

only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the sentencing transcript revealed that the district court properly calculated Rush's Guidelines range, listened to the parties' arguments and Rush's allocution, carefully considered the § 3553(a) factors, and offered a lengthy explanation for its sentencing decision. Notably, the court specifically considered the mitigating factors identified by counsel, including Rush's drug addiction. Accordingly, we conclude that Rush's sentence is procedurally reasonable and that Rush has failed to rebut the presumption that his below-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Rush, in writing, of his right to petition the Supreme Court of the United States for further review. If Rush requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rush.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*